IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-HC-2032-FL

| | |
|---|---|
| RONALD EDWARD SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| J.C. HOLLAND, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 (DE 14). The motion was fully briefed and thus the issues raised are ripe for decision. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On September 23, 2003, petitioner was arrested on felony drug charges by Montana state authorities and detained in state custody. (Erickson Decl.[1] (DE 18-1) ¶ 5). On May 5, 2004, petitioner was sentenced in Montana state court to two 10-year, concurrent terms of imprisonment, with 5 years suspended. (Id.)

On May 24, 2004, petitioner was indicted in the District of Montana for distribution of methamphetamine and related drug charges, and sale of a defaced firearm. United States v. Garcia

---

[1] Bryan Erickson ("Erickson") submitted a declaration in support of respondent's motion for summary judgment. Martin is employed by the Federal Bureau of Prisons as a Correctional Programs Specialist. (Erickson Decl. (DE 18-1) ¶ 1).

et al., No. 1:04-CR-87-SPW-5 (D. Mont. May 24, 2004). On June 24, 2004, petitioner was transferred to the District of Montana for arraignment on his federal charges pursuant to writ of habeas corpus ad prosequendum. Id. (Nov. 17, 2014); (Erickson Decl. (DE 18-1) ¶ 7). On March 22, 2006, petitioner pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, and was sentenced to a 360-month term of imprisonment. United States v. Garcia et al., No. 1:04-CR-87-SPW-5 (D. Mont. Mar. 22, 2006). On April 4, 2006, federal authorities transferred petitioner back to Montana state custody for continued service of his state sentences, lodging the federal judgment as a detainer. (Erickson Decl. (DE 18-1) ¶ 8). On September 6, 2006, petitioner was paroled from his state sentences and transferred to federal custody for service of his federal sentence. (Id. ¶ 9). The sentencing court subsequently reduced petitioner's sentence to 240 months imprisonment. (Id. ¶ 12).

The Federal Bureau of Prisons ("BOP") prepared a sentence computation for petitioner, and determined petitioner's federal sentence commenced on March 22, 2006, the date petitioner's sentence was imposed. (Id. ¶ 18). Petitioner also received prior custody credit from September 23, 2003, through May 4, 2004 (225 days), for presentence time served in state custody that was not credited to his state sentence, pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971). (Id. ¶ 16-19). BOP, however, did not award prior custody credit for time served between June 24, 2004, and March 22, 2006 (636 days), because such time was credited against petitioner's state sentence.[2] (Id. ¶ 15). After including petitioner's good time credits, his current projected release date is March 22, 2023. (Id. ¶ 20).

---

[2] As noted, petitioner was in federal custody pursuant to a writ of habeas corpus ad prosequendum during this timeframe, but such time was still credited against petitioner's state sentence (which had already been imposed). (Erickson Decl. (DE 18-1) ¶¶ 7-8, 15).

On February 16, 2017, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges BOP should have awarded prior custody credit for the period June 24, 2004, to March 22, 2006, because the federal sentencing court ordered that he receive prior custody credit for such time. Respondent subsequently filed the instant motion for summary judgment, arguing petitioner's claims are without merit. Petitioner responded to the motion, and also filed motion to appoint counsel. On August 15, 2018, the court denied petitioner's motion to appoint counsel.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party cannot "resist [the motion] by reference only to its pleadings[,]" id. at 325, but must set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.     Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United

3

States." 28 U.S.C. § 2241(a), (c)(3). Additionally, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Petitioner asserts that he is entitled to credit on his federal sentence for the time period June 24, 2004 to March 22, 2006, while he was serving his state sentence but was physically in federal custody pursuant to a writ of habeas corpus ad prosequendum. (Pet. (DE 1-1) at 10-11). In order to assess whether petitioner is entitled to credit on his federal sentence, the court must determine: 1) the date on which petitioner's federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

1. Petitioner's Federal Sentence Commencement Date

A federal term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence of imprisonment can never commence prior to the date it is imposed. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018); see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

Here, BOP determined petitioner's sentence commenced on March 22, 2006, the date it was imposed, and petitioner does not challenge BOP's determination. Accordingly, the court finds petitioner's sentence commenced on March 22, 2006.

2. Prior Custody Credit

Petitioner argues BOP should have awarded him prior custody credit for the time between his June 24, 2004, federal arraignment and March 22, 2006, the date his federal sentence was

4

imposed. Petitioner argues that the sentencing court ordered his that he receive prior custody credit for that period of time.

As set forth above, petitioner was sentenced on his state drug charges on May 5, 2004, began serving his sentence immediately, and was not paroled from that sentence until September 6, 2006. Thus, the time period between June 24, 2004, and March 22, 2006, was credited to petitioner's state sentence.[3] Petitioner is only entitled to prior custody credit for time served in official detention prior to the date the federal sentence commences if such time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, the time period from June 24, 2004, to March 22, 2006, cannot be counted as prior custody credit, and BOP's sentencing computation is correct.

At petitioner' re-sentencing hearing, the federal sentencing judge suggested that petitioner's prior custody credit should have been counted starting on June 24, 2004. (Pet. Ex. A (DE 1-2) at 19:11-20:6). As an initial matter, the sentencing court specifically informed petitioner that calculation of prior custody credit was "not [the court's] job" and that petitioner "should receive credit for time served [beginning on June 24, 2006]." (Id.) (emphasis added). Thus, the sentencing court did not order that petitioner receive any prior custody credit. Additionally, as set forth above, the sentencing judge had no authority to order that petitioner receive prior custody credit for time that was credited against his state sentence. 18 U.S.C. § 3585(b). Accordingly, BOP's sentence calculation cannot be overturned on the basis of the sentencing court's comments about petitioner's sentence computation.

---

[3] As noted, petitioner was physically in federal custody pursuant to writ of habeas corpus ad prosequendum during this time period, even though he was actively serving his state sentence. In that circumstance, "the state retains primary jurisdiction over the prisoner" and the writ of habeas corpus "merely loans the prisoner to federal authorities." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). Thus, the fact that petitioner was in federal custody on a writ of habeas corpus ad prosequendum during the relevant time period is irrelevant to whether he should receive prior custody credit. See id.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 14) is GRANTED and the petition is dismissed. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 7th day of September, 2018.

                                          LOUISE W. FLANAGAN
                                          United States District Judge